IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:24-cr-121-2 |
| v. | ) ) ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| ANGELA MARIE QUINN, | ) ) |  |
| Defendant. | ) ) |  |

Defendant Angela Marie Quinn went to a gun store with her significant other, co-defendant Stephen Vivas, and purchased a firearm on his behalf. Vivas immediately took possession of the firearm and was found with it a few days later when he arrested in Davenport. The Court should sentence Defendant to a term of 16 months' imprisonment.

I.   **PROCEDURAL BACKGROUND**

Defendant pleaded guilty to a straw purchasing conspiracy (Count Three), in violation of Title 18, United States Code, Section 932(b)(1) and 932(c)(1). Presentence Investigation Report, ECF No. 62, ¶ 1 (hereinafter "PSR"). Pursuant to the parties' plea agreement, the government agrees to dismiss Counts One and Two at the time of sentencing. *Id.* ¶ 4.

There are no outstanding objections to the PSR. The government does not anticipate presenting additional evidence or witnesses at sentencing.

## II. SENTENCING CALCULATION

### A. Statutory Maximum and Minimum Sentence

Based on Defendant's plea of guilty to Count Three, Defendant is subject to a maximum sentence of 15 years in prison, a fine of up to $250,000, and up to three years of supervised release. A $100 special assessment per count also applies. PSR ¶¶ 113, 117, 121, 122.

### B. Sentencing Guidelines Calculation

The parties agree the PSR correctly calculates the advisory guidelines range in this case as follows:

| | |
|---|---|
| USSG §2K2.1(a)(4)(B) (base) | 20 |
| USSG §2K2.1(b)(5)(B) (transfer to prohibited person) | +2 |
| USSG §2K2.1(b)(9) (intimate relationship motivation) | −2 |
| USSG §3E1.1 (acceptance of responsibility) | −3 |
| Total Offense Level | 17 |
| Criminal History Category | I (0) |
| Guideline Sentencing Range | 24–30 months |

### III. SENTENCING FACTORS, GOVERNMENT'S RECOMMENDATION, AND MOTION FOR A DOWNWARD VARIANCE

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence imposed –
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;
   C. to protect the public from further crimes of the defendant; and
   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the guideline sentencing range;
5. any pertinent policy statement;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a).

The government recommends a sentence below the advisory guideline range consisting of 16 months in prison, followed by a three-year term of supervised release. *See* 18 U.S.C. § 3563(a)(2)

As part of the instant offense, Defendant purchased a firearm for her boyfriend and co-defendant Steven Vivas. Vivas was present in the store at the time Defendant purchased the firearm. PSR ¶ 11. Vivas handled multiple firearms while in the store and appeared to select the firearm Defendant ultimately purchased. *Id.* ¶ 12. Vivas immediately took possession of the firearm Defendant purchased and a mere five days later, he was found in possession of the firearm by law enforcement. *Id.* ¶¶ 11,

23. At the time of the firearm purchase and recovery, Vivas was under location monitoring via ankle bracelet by the Iowa Department of Corrections. *Id.* ¶ 18. The day before his arrest, Vivas's ex-girlfriend reported to law enforcement that Vivas followed her, displayed a firearm, and then fled. *Id.* During a Facetime call, Vivas also showed her a firearm. *Id.* Llaw enforcement recovered the firearm from Vivas's ex-girlfriend's vehicle, along with the order of protection paperwork she had previously filed against him. *Id.* ¶ 21.

Law enforcement found text messages between Vivas and Defendant prior to the firearm purchase. In the messages, Vivas told Defendant he would break up with her if she did not purchase the firearm for him. PSR ¶ 25. Vivas said that if Defendant did not buy the firearm, he would "buy this shit on the streets today." *Id.* Defendant responded by telling Vivas she would "do anything for you," that she has done "literally do anything and everything you say and asked me to do," and "I love you even though you treat me like shit." *Id.* After purchasing Vivas the firearm, Defendant proceeded to book a rental car for him to travel to Davenport. *Id.* ¶ 26. Defendant posted multiple bonds for Vivas's state cases, including for two separate stalking charges and domestic abuse assault, between January 2024 and June 2024. *Id.* ¶¶ 33-35. During an interview with law enforcement following a search warrant at her residence, Defendant admitted to knowing Vivas was a felon, specifically noting that he received a ten-year sentence for a stalking conviction. *Id.* ¶ 29. Defendant was truthful and forthcoming during her interview. *Id.* ¶¶ 29–31.

Defendant's behavior represents a grave danger to the community. She completely disregarded the firearms laws that are designed to prevent weapons from ending up in the hands of prohibited person. Not only was Vivas a felon under active correctional supervision, but he was also a violent individual with stalking and domestic abuse convictions and an active protection order at the time Defendant purchased the firearm for him. During the five days Vivas possessed the firearm Defendant bought, he traveled to Davenport and, at the very least, displayed it around his ex-girlfriend. Defendant ensured Vivas got the firearm he wanted.

It is concerning to the government that Defendant reports that she remains in a relationship with Vivas, and they intend to marry. PSR ¶ 77. Defendant pleaded guilty to a felony offense because of actions she took at Vivas's direction. And while Defendant complied with all pretrial supervision directives, her decision to remain in a relationship that has cost her so greatly, demonstrates an inability to positively plan for the future and avoid criminal activity. Defendant's past assurance to Vivas that she will "do anything" for him and her decision to remain in a relationship with Vivas gives the government little certainty that Defendant will not continue to engage in criminal activity, including at Vivas's direction.

After consideration of the aggravating factors, the government acknowledges the mitigating factors in this case that should be taken into consideration when determining the Defendant's sentence. The resulting base offense level was based on the nature of the firearm Defendant purchased at Vivas's direction is inconsistent with a six-level enhancement. Additionally, while it is alarming that Defendant

5

refuses to discontinue her association with Vivas, the government notes the abusive relationship between them also warrants a sentence below the advisory guideline range, beyond the two-level reduction for the intimate partner motivation, and to account for the unavailability of the zero-point offender reduction because the offense involved a firearm.

The government believes a 16-month sentence, followed by a three-year term of supervised release, would be sufficient but not greater than necessary to accomplish the goals of sentencing.

WHEREFORE, the government requests the Court consider this sentencing memorandum in determining the final sentence of Defendant.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: */s/ MacKenzie Tubbs*
MacKenzie Benson Tubbs
Assistant United States Attorney
Neal Smith Federal Building
210 Walnut Street, Suite 455
Des Moines, IA 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: mackenzie.benson.tubbs@usdoj.gov

CERTIFICATE OF SERVICE
I hereby certify that on May 16, 2025, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:
____U.S. Mail ____ Fax ___Hand Delivery
  X   ECF/Electronic filing     ___Other means
ASSISTANT UNITED STATES ATTORNEY
By: */s/ MacKenzie Tubbs*